**MANDELBAUM BARRETT, P.C.**
Steven I Adler, Esq.
A Professional Corporation
3 Becker Farm Road, Suite 105
Roseland, NJ 07068
Ph.: 973-736-4600; Fax: 973-736-4670
*Counsel for Plaintiff Christopher Ward*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER WARD,<br><br>        Plaintiff,<br><br>  v.<br><br>AETNA INC. and AETNA LIFE INSURANCE COMPANY,<br><br>        Defendants. | NEWARK VICINAGE<br><br>Civil Action No.:<br><br>**COMPLAINT** |

Plaintiff Christopher Ward, residing at 536 Cokesbury Road, Annandale, New Jersey, by way of Complaint against Defendants Aetna Inc., and Aetna Life Insurance Company, alleges and says:

### JURISDICTION AND VENUE

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(1), (e), (f), and (g) as well as 28 U.S.C. Section 1331, as this action involves a federal question and a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA.

2. Venue is proper pursuant to the provisions of 29 U.S.C. Section §1132(e)(2) as a substantial part of the events that give rise to Plaintiff's claims arose in the District of New Jersey and because

one or more of the breaches complained of in this complaint occurred in said District. Plaintiff resides, and was denied coverage of his medical benefits, in this district.

## PARTIES

3. Plaintiff Christopher Ward ("**Plaintiff**" or "**Ward**") is a resident of New Jersey and this judicial district, residing at 536 Cokesbury Road, Annandale, New Jersey 08801.

4. Defendant Aetna, Inc. ("**Aetna, Inc.**") is, upon information and belief, a Pennsylvania corporation with its' principal place of business in Pennsylvania.

5. Defendant Aetna Life Insurance Company("**ALIC**") (Aetna, Inc. and ALIC, together "**Aetna**") is, upon information and belief, a Connecticut Company, with its' principal place of business in Connecticut.

## FACTS

6. Plaintiff is a 62-year-old male, who sought medical attention for a full body rash, presumed to be eczema.

7. After two biopsies were taken on or about October 27, 2021, Plaintiff was diagnosed with stage III CTCL-MF (Mycosis Fungoides) ("**MF**"), a rare form of blood cancer also called cutaneous T-cell lymphoma.

8. Symptoms of MF include weight loss, redness, itching, and an overall burning sensation of one's skin.

9. According to Plaintiff's doctor at Columbia University, New York-Presbyterian Hospital, Ward has a "severely atypical epidermotropic and dermal based lymphocytic infiltrate including a lymphomatoid vascular reaction consistent with early plaque stage mycosis fungoides with interstitial granulomatous features." See diagnosis attached hereto as Exhibit **"A"**.

10. This diagnosis was based upon two biopsies, one taken from the left posterior neck and the other from the left upper arm. The biopsies show a significantly atypical lymphocytic infiltrate.

11.  Based upon reported studies for stage III MF, the median survival rate is only four to six years.  According to an article entitled **Review of the treatment of mycosis fungoides and Sezary syndrome**, a copy of which is annexed hereto as Exhibit **"B",** the five-year survival rate for someone diagnosed with cutaneous peripheral T-cell lymphoma is only sixteen percent (16%).

12. To treat MF, Plaintiff was put on a chemotherapy regimen, which he is still undergoing.

13. Plaintiff has an insurance policy with Aetna (the "**Policy**") entitled Critical Illness Plus with Cancer with Recurrence, group policy number 802252, for which he, and/or his employer, has paid all of the premiums. A copy of Plaintiff's Benefit Summary is attached hereto as Exhibit **"C."**

14. The Policy, underwritten by ALIC, provides a fixed dollar benefit for covered claims of up to $40,000.

15. The Policy makes clear that an insured, such as Ward, with this type of invasive cancer has coverage under the Plan.

16. The Policy indicates that Aetna "will pay the applicable Cancer Benefit when an insured person is diagnosed as having cancer (invasive) …" See Ex. C, p. 4.

17. The Policy defines "cancer (invasive)" as "the presence of malignant cells or a tumor characterized by the uncontrolled and abnormal growth and spread of the invasive cells."

18. Here, the blood cancer diagnosis clearly meets this definition.  Photographs enclosed herewith also demonstrate that this form of blood cancer has spread.  See Exhibit **"D"** annexed hereto.

19. Cancers that begin anywhere in the body's lymphatic system are called lymphomas. If such lymphomas have the ability to spread, they are called malignant and are, therefore, covered under the Policy.

20. Despite the lymphoma being covered under the Policy, Plaintiff received a notice from Aetna, dated November 9, 2021, informing him that his claim under the Policy was denied because it erroneously concluded he has skin cancer.

21. The EOB, annexed hereto as Exhibit "**E**", confirms Aetna's error with regard to Plaintiff's medical condition.  It indicates "The skin cancer benefit is not payable based on our review of the information provided.  Your diagnosis did not meet the criteria and/or definition stated in the Plan certification." See Ex. E, p. 1.

22. As stated above, Plaintiff does not have skin cancer; he has MF.  In fact, Plaintiff's diagnosis confirms that problems with his skin are a reaction to his MF.  See Exhibit "A".

23. Plaintiff appealed from the denial of his claim because Plaintiff did not, and does not, have skin cancer but suffers from a rare form of deadly lymphoma.

24. By letter, dated December 6, 2021, Plaintiff's counsel submitted the appeal, explaining that Defendants erroneously concluded that Plaintiff has skin cancer, as opposed to MF. A copy of this submission is attached hereto as Exhibit **"F"**.

25. On December 21, 2021, Defendants' Complaint and Appeal Analyst, Deborah H, notified Plaintiff that Aetna denied his appeal, reiterating that Aetna (erroneously) continued to assert that Plaintiff has skin cancer. A copy of this letter is attached as Exhibit **"G"**.

26. In Aetna's denial letter, it wrote that "the skin cancer benefit is not payable. Based on our review of the information provided, your diagnosis did not meet the criteria and/or definition stated in the Critical Illness Plus with Cancer Certificate." See Ex. G, p. 5.

27. Aetna also confirmed in writing that Plaintiff exhausted his internal appeals and that his claim could be pursued in court.

28. Aetna's denial of Plaintiff's claim, in breach of the Policy, was in bad faith as it knows, or clearly should know, that Plaintiff does not have skin cancer, but a covered claim of MF. This diagnosis was confirmed by Ward's main doctor at Columbia Presbyterian Hospital and his diagnosis was supplied to Aetna on at least two occasions.

29. Aetna's intentional and willful denial of Ward's covered claim has cause Ward significant emotional distress and mental anguish as he continues to undergo chemotherapy to deal with his MF.

## FIRST COUNT
### (ERISA)

30. The allegations in the foregoing paragraphs of this Verified Complaint are incorporated herein by reference as if restated herein at length.

31. Plaintiff's Policy with Aetna is a Plan governed by ERISA.

32. Plaintiff has a medical condition covered by the Policy and Aetna breached its obligations under the Policy by refusing to pay Plaintiff benefits.

33. Under 29 U.S.C. § 1132(a)(1)(B), Plaintiff is authorized to enforce his rights under the Policy and to obtain other appropriate equitable relief with respect to ERISA benefits to which he is entitled.

34. Pursuant to ERISA, Plaintiff is entitled to benefits under the Policy and equitable relief declaring and adjudging him entitled to said benefits.

35. Plaintiff also is entitled to, <u>inter alia</u>, reasonable attorneys' fees and costs under ERISA.

36. Aetna's denial of Ward's claim was in bad faith, willful, wanton, malicious and/or in reckless disregard of Ward's rights.

**WHEREFORE**, Plaintiff Christopher Ward demands judgment against Defendants Aetna, Inc., and Aetna Life Insurance Company, jointly, severally and/or in the alternative, as follows:

A. Damages;
B. Punitive damages;
C. Interest;
D. Costs of suit;
E. Reasonable Attorney's fees;
F. Equitable and/or declaratory relief requiring Defendants to provide all coverage under the referenced ERISA plan; and
G. Such further relief as this Court deems just and equitable under the circumstances.

        Mandelbaum Barrett P.C.
        Attorneys for Plaintiff, Christopher Ward

        By:   */s/  Steven Adler, Esq.*
DATED: January 21, 2022            Steven Adler, Esq.